[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10843
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01712-TCB

THELMA OWENS,

Plaintiff-Appellant,

versus

REAL TIME RESOLUTIONS INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 19, 2018)

Before WILSON, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Thelma Owens appeals *pro se* the dismissal with prejudice of her complaint that Real Time Resolutions, Inc., violated federal and state law when it attempted to foreclose on her home. After Owens filed her complaint in a Georgia court, Real Time Resolutions promptly removed the action to the district court and filed a motion to dismiss. The district court dismissed Owens's complaint for failure to state a claim and denied her motion for reconsideration. We affirm.

Owens argues that the district court violated her right to a trial by jury by dismissing her complaint, but her argument fails. A district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The district court did not violate Owens's right to a trial by jury because it determined that her complaint failed to state a claim as a matter of law. *See Garvie v. City of Fort Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004).

Under Georgia law, Owens has no right to challenge the validity of the assignment of her security deed to Real Time Resolutions. Although Owens argues that she did not sign a waiver of rights, Owens admitted in her complaint that she executed a security deed in favor of BNC Mortgage Inc., in which she did "grant and convey to MERS [Mortgage Electronic Registration Systems, Inc.] (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale," of her home. Mortgage Electronic Systems

2

exercised its authority to assign Owens's security deed to Property Asset Management, Inc., which assigned the instrument to a third party, which then assigned it to Real Time Resolutions. If there was a flaw in the assignment, only Real Time Resolutions and the earlier deed holder could challenge the assignment. *See Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016) ("The assignment of a security deed is a contract between the deed holder and the assignee. . . . And a lawsuit on a contract generally may be brought only by a party to the contract or an intended third-party beneficiary of the contract."). As a stranger to their agreement, Owens has no right to challenge the assignment to Real Time Resolutions.

Owens has abandoned any challenge she could have made to the dismissal of her claims that Real Time Resolutions violated the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Truth in Lending Act, or the Fair Trade Commission Act. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Owens makes no argument against the dismissal of her claims against Real Time Resolutions under federal law.

We **AFFIRM** the dismissal of Owens's complaint.

3